UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| DAVID DEAN | * |
| 6506 Sleet Court | * |
| Frederick, MD 21703 | * |
| | * |
| and | * |
| | * |
| REBECCA DEAN | * |
| 6506 Sleet Court | * |
| Frederick, MD 21703 | * |
| | * |
| and | * |
| | * |
| DAVID AND REBECCA DEAN | * |
| as parents and next friends of | * |
| Ashley Francis, Clayton Dean and Lillian Dean | * |
| 6506 Sleet Court | * |
| Frederick, MD 21703 | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil No.: WDQ-05-CV-1240 |
| | * |
| FEDERAL HOME LOAN MORTGAGE | * |
| CORPORATION | * |
| 8200 Jones Branch Drive | * |
| McLean, VA 22102 | * |
| | * |
| and | * |
| | * |
| HOME STEPS ASSET SERVICES | * |
| (A Freddie Mac Unit) | * |
| 5000 Plano Parkway | * |
| Carrollton, TX 75010 | * |
| | * |
| and | * |
| | * |
| NRT MID ATLANTIC, INC. | * |
| t/a O'Conor, Piper & Flynn ERA | * |
| 22 West Padonia Road | * |
| Timonium, MD 21093 | * |

```
                                            *
        and                                 *
                                            *
JEFF ROGERS                                 *
2023 Emmorton Road                          *
BelAir, MD 21015                            *
                                            *
              Defendants.                   *
************************************************************************
```

AMENDED COMPLAINT

COME NOW the Plaintiffs, David and Rebecca Dean, individually and as parents and next friends of Ashley Francis, Clayton Dean and Lillian Dean, and sue the Defendants, Federal Home Loan Mortgage Corporation, Home Steps Asset Services (a Freddie Mac Unit), NRT Mid Atlantic, Inc. t/a O'Conor, Piper & Flynn ERA, and Jeff Rogers, and for cause states as follows:

1.      Plaintiffs incorporate by reference, as if fully stated herein, the Complaint filed in the Circuit Court for Frederick County, Maryland which was removed to this Court on or about May 9, 2005.

2.      Plaintiffs, David and Rebecca Dean are individuals who are residents of Frederick County, Maryland.

3.      Defendant, Federal Home Loan Mortgage Corporation, is a federally organized corporation which has its principal offices in McLean, Virginia and regularly conducts business in Frederick County, Maryland.

4.      Defendant, Home Steps Asset Services (a Freddie Mac Unit), is believed to be a business which has its principal offices in Carrollton, Texas and regularly conducts business in Frederick County, Maryland.

2

5.      Defendant, NRT Mid Atlantic, Inc. t/a O'Conor, Piper & Flynn ERA, is a corporation organized under the laws of the State of Maryland which regularly conducts business in Frederick County, Maryland.

6.      Defendant, Jeff Rogers, is an individual who is believed to reside in the State of Maryland and who regularly conducts business in Frederick County, Maryland.

7.      Jurisdiction is proper with this Court because the Defendants all regularly conduct business in Frederick County, Maryland, the property which is the basis of this Complaint is located in Frederick County, Maryland, and the acts complained of occurred in Frederick County, Maryland.

8.      On or about February 7, 2002, Plaintiffs entered into a Residential Contract of Sale to purchase the property located at 6506 Sleet Court, Frederick, MD 21703 (hereinafter sometimes referred to as the "property") from the Defendants, Federal Home Loan Mortgage Corporation and Home Steps Asset Services (a Freddie Mac Unit) for the sum of Two Hundred Twenty Nine Thousand Nine Hundred Dollars ($229,900.00).

9.      Defendant, Federal Home Loan Mortgage Corporation, acquired the property located at 6506 Sleet Court, Frederick, MD 21703 as a result of the foreclosure on a loan.

10.     The previous owner of the home had installed an outdoor hot tub in the master bathroom, which caused excessive moisture in the house due to the steam it generated on a constant basis.

11.     On at least one occasion, the hot tub in the master bathroom had leaked its contents of over one hundred gallons of water into the master bathroom on the second floor and the rooms below.

12.     Defendant, NRT Mid Atlantic, Inc. t/a O'Conor, Piper & Flynn ERA, acted as the listing and selling broker on the sale of the property.

13.     Defendant, Jeff Rogers, acted as listing and selling agent on the sale of the property.

14.     Settlement on the property was scheduled for March 28, 2002 and Plaintiffs arranged for the sale of their previous home to occur earlier on March 28, 2002.

15.     As a condition of the contract, the Plaintiffs had a home inspection on the property. The inspection revealed that there was mold growing on the garage wall.  Defendants, Federal Home Loan Mortgage Corporation and Home Steps Asset Services (a Freddie Mac Unit), agreed to take remedial action to remove the mold in the garage.  The settlement for the purchase of the property was postponed to April 1, 2002 because the Defendants had not remedied the mold in the garage and had not provided Plaintiffs with a signed work order for the remediation.

16.     Although settlement on the property was postponed, Plaintiffs were required to continue with the settlement on the sale of their previous home on March 28, 2002.  Plaintiffs' purchaser agreed to allow the Plaintiffs to rent-back for one month, leaving the Plaintiffs and their three young children without a home as of the end of April.

17.     On the date of settlement, a mere forty minutes prior to the time for which settlement was scheduled, the Plaintiffs were presented with an Addendum to the Contract, and were told by the Defendant, Jeff Rogers, acting on behalf of Defendant, NRT Mid Atlantic, Inc. t/a O'Connor, Piper & Flynn, ERA, that if they did not sign the Addendum, the settlement would not take place.

18.     The Addendum specifically released Defendants from any liability regarding mold in the property.

4

19.     Although Plaintiffs signed the Addendum, they were forced to do so under duress, as they were told they would not be able to purchase the house without signing the Addendum and the Plaintiffs had already sold their previous home.

20.     After the settlement, Plaintiffs and their children moved into the property on or about April 30, 2002.

21.     Shortly after the Plaintiffs and their children moved into the property, the entire family began to experience significant health problems, including asthma, nosebleeds, and chronic sinusitis.  Tragically, Plaintiff Rebecca Dean even suffered a miscarriage.

22.     On or about February 15, 2003, the Plaintiffs discovered that their home was filled with toxic mold after they removed some molding in the basement when they were installing a new floor.  A further investigation revealed that the mold was in the walls throughout the home.  After having tests performed, Plaintiffs learned that the toxic mold was causing the health problems which the family was experiencing.

23.     Plaintiffs vacated the home in or about October 2003 and have not been able to reside in the home to this day.

24.     After Plaintiffs understood the extent of the problem, they undertook efforts to mediate the dispute as required by the contract.

25.     Plaintiffs subsequently discovered that the Defendants were aware of the presence of toxic mold throughout the property prior to the Plaintiffs entering into the contract to purchase the property and that the Defendants had taken steps to cover up the toxic mold without taking remedial actions to remove the mold.  (See Exhibits A and B attached hereto.)

26.     Plaintiffs have obtained estimates to have the mold problem remedied.  Those estimates range from Ninety Four Thousand Eight Hundred Dollars ($94,800.00) to One Hundred Ninety Two Thousand One Hundred Dollars ($192,100.00).  (See Exhibit C attached hereto.)

COUNT I - Rescission

27.     Plaintiffs incorporate paragraphs 1 through 26 as paragraph 27 as if fully stated herein.

28.     Defendants were induced into signing the Addendum to the Residential Contract of Sale as a result of undue influence and duress.

29.     As a result of the undue influence and duress, Plaintiffs are entitled to rescind the Addendum to the Residential Contract of Sale.

WHEREFORE, Plaintiffs demand that the Addendum to the Residential Contract of Sale be rescinded.

COUNT II - Intentional Misrepresentation - Concealment or Non-Disclosure

30.     Plaintiffs incorporate paragraphs 1 through 29 as paragraph 30 as if fully stated herein.

31.     Defendants knew about the toxic mold problem throughout the property prior to Plaintiffs entering into the Residential Contract of Sale and, although Defendants remedied the mold in the garage, they concealed the mold in the remainder of the property.

32.     Defendants' failure to disclose the existence and the concealment of the mold other than in the garage constituted a failure to disclose a material fact with the intent to deceive Plaintiffs.

33.     Defendants knew that Plaintiffs would not have purchased the property if they were aware that the entire property was contaminated with toxic mold.

34.     Plaintiffs were justified in their reliance that the mold existed only the garage and was remedied by Defendants.

35.     As a result of Defendants' concealment of the mold throughout the property and their failure to inform Plaintiffs of the mold problem, Plaintiffs have incurred damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) plus costs, attorney's fees and interest.

COUNT III - Negligent Misrepresentation

36.     Plaintiffs incorporate paragraphs 1 through 35 as paragraph 36 as if fully stated herein.

37.     Defendants knew, or should have known, about the toxic mold problem throughout the property prior to Plaintiffs entering into the Residential Contract of Sale and, although Defendants remedied the mold in the garage, they concealed the mold in the remainder of the property.

38.     Defendants' failure to disclose the existence and the concealment of the mold other than in the garage constituted a negligent failure to disclose a material fact.

39.     Defendants knew, or should have known, that Plaintiffs would not have purchased the property if they were aware that the entire property was contaminated with toxic mold.

40.     Plaintiffs were justified in their reliance that the mold existed only the garage and was remedied by Defendants.

41.     As a result of Defendants' negligent concealment of the mold throughout the property and their failure to inform Plaintiffs of the mold problem, Plaintiffs have incurred damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) plus costs, attorney's fees and interest.

COUNT IV - Fraud in the Inducement

42.     Plaintiffs incorporate paragraphs 1 through 41 as paragraph 42 as if fully stated herein.

43.     Defendants led Plaintiffs to enter into the contract to Plaintiff's disadvantage as a result of Defendants' deceit in Defendants' concealment and willful non-disclosure of the material fact of the existence of toxic mold throughout the house.

44.     Defendants' failure to disclose the existence and the concealment of the mold constituted a false representation and willful non-disclosure of a material fact in order to induce Plaintiffs into entering into the contract.

45.     Defendants knew, or should have known, that a reasonable person would attach importance to the material fact of the existence of toxic mold in the house.

46.     Defendants willfully made the non-disclosure and concealment knowing that the Plaintiffs would regard the existence of toxic mold in the house as important in determining whether to enter into the contract.

47.     Defendants knew, or should have known, that Plaintiffs would not have purchased the property if they were aware that the entire property was contaminated with toxic mold.

48.     Plaintiffs were justified in their reliance that the mold existed only the garage and was remediated by Defendants.

49.     As a result of Defendants' fraud in the inducement, Plaintiffs have incurred damages.

8

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) plus costs, attorney's fees and interest.

Respectfully submitted,

_____/s/_____

CHRISTOPHER M. ROLLE (D.Md.# 06586)
Rolle & Conlon
143 West Patrick Street
Frederick, MD 21701
301-698-4875
Attorney for Plaintiffs

REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

_____/s/_____

CHRISTOPHER M. ROLLE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of July, 2005, a copy of the foregoing was electronically transmitted to Robert E. Scott, Jr. and Christopher J. Lyon, 250 West Pratt Street, Baltimore, MD 21201, and Edward J. Baines and Erika E. Rose, 100 South Charles Street, Baltimore, MD 21201

_____/s/_____

CHRISTOPHER M. ROLLE