```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
DAVID DEAN, et al.,             *

       Plaintiffs,              *
v.                                      CIVIL NO.: WDQ-05CV-1240
                                *
FEDERAL HOME LOAN
MORTGAGE CORPORATION et al.,    *

       Defendants.              *

*     *     *     *     *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

David and Rebecca Dean (the "Deans") sued Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Home Steps Asset Services, NRT Mid Atlantic, Inc. t/a O'Conor, Piper & Flynn ERA ("NRT"), and Jeff Rogers for rescission of a contract for the sale of real property.  Pending are Defendants' motions to dismiss the Amended Complaint pursuant to Federal Rule of Procedure 12(b)(6).  For the following reasons the motions will be granted.

I.  Background

On February 7, 2002, the Deans contracted to buy residential property from Freddie Mac and Home Steps Asset Services.  Am. Compl. ¶ 8.  NRT was the listing and selling broker on the sale. *Id.* at ¶ 12. Rogers was the listing and selling agent on the sale.  *Id.* at ¶ 13.  The previous owner of the property installed

1

an outdoor hot tub in the master bathroom, which caused excess moisture in the house, and on at least one occasion, leaked into the home.  *Id.* at ¶¶ 10-11.  The Deans' home inspection revealed mold on the garage wall, which Freddie Mac and Home Steps Asset Services agreed to remove.  *Id.* at ¶ 15.  On April 1, 2002 Rogers presented to the Deans an Addendum to the contract releasing Defendants from any liability for mold. *Id.* at ¶¶ 17-18.  Rogers told the Deans that if they did not sign the Addendum, the settlement would not take place.  *Id.* at ¶ 17.  Having already sold their previous home, the Deans signed the Addendum.  *Id.* at ¶ 19.  The Deans moved into the property on April 30, 2002.  *Id.* at ¶ 20.  The Deans allege health problems as a result of mold they discovered in the house on February 15, 2003.  *Id.* at ¶¶ 21-22.  The Deans have not resided in the home since October 2003. *Id.* at ¶ 23.

The Deans allege that the Defendants were aware of the mold on the property, and hid the mold without taking remedial action to remove it before the Deans contracted to purchase the property.  Id. at ¶ 25.  The Deans assert: 1) rescission of the Addendum; 2) intentional misrepresentation; 3) negligent misrepresentation; and 4) fraud in the inducement and seek damages in excess of $15,000,000.

II.  Analysis

A.  Defendants' Motions to Dismiss

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

1. Rescission of Addendum

The Deans argue that the Addendum should be rescinded for undue influence and duress.  A contract is voidable and subject to rescission if it was procured through duress or undue influence.  *In re: Baltrotsky v. KH Funding, Inc.*, No. 2004-2643, 2004 U.S. Dist. Lexis 25509, at *18 (D. Md. Dec. 20, 2004).  "To

establish duress there must be a wrongful act which strips the individual of the ability to utilize his free will." *Id*. (quoting *Young v. Anne Arundel County*, 146 Md. App. 526, 596, 807 A.2d 651, 692 (Md. Ct. Spec. App. 2002)). The party seeking to rescind on the basis of duress must prove (1) coercion; (2) his inability to act independently; and (3) his entry into the contract. *Blum v. Blum*, 59 Md. App. 584, 595, 477 A.2d 289, 294 (Md. Ct. Spec. App. 2002). Although the Deans contracted with the Defendants, they have not alleged the other elements necessary for duress.

The Deans argue economic duress as the basis for rescinding the Addendum. Rescinding an agreement for economic duress would require the Deans to show that their "manifestation of assent was induced by an improper threat which left [the Deans] with no reasonable alternative save to agree....[T]he mere stress of one's financial condition will not amount to duress unless the [defendant] was somehow responsible for that condition." *U.S. v. Vanhorn*, 20 F.3d 104, 112 (4th Cir. 1994). Their economic concerns about buying the property were not created by the Defendants. Therefore, the Deans have not alleged economic duress.

A condition precedent to rescission is that "the party against whom relief is sought be restored substantially to the position which he held before the termination was completed. Put

another way, a party may not affirm the favorable part and avoid the unfavorable part." *Blum v. Blum*, 59 Md. App. 584, 594, 477 A.2d 289, 294 (Md. Ct. Spec. App. 2002).  Therefore, the Deans are unable to rescind the Addendum to the contract while retaining the benefits of the contract.

The Deans contend the Addendum is severable from the contract, and the Court can blue pencil the Addendum.  The Deans have not established that the Addendum is severable from the contract.  Further, the blue pencil rule permits the excision of language in overly broad restrictive covenants that act as an unreasonable restraint of trade.  There is no basis for applying the blue pencil rule to the Addendum. *Deutsche Post Global Mail, Ltd. v. Conrad*, 116 Fed. Appx. 435, 439 (4th Cir. 2004). *See Fowler v. Printers II, Inc.*, 89 Md. App. 448, 598 A.2d 794 (Md. Ct. Spec. App. 1991)(using the blue pencil rule in employment contract containing restrictive covenant not to compete); *accord Holloway v. Faw, Casson & Co.*, 319 Md. 324, 572 A.2d 510 (Md. 1990); *Tawney v. Mut. System of Maryland*, 186 Md. 508, 47 A.2d 372 (Md. 1946).

Contracts for the purchase and sale of realty may be rescinded, but only if the plaintiff shows that the property was purchased *without knowledge* of the "true state of the land" and that he suffered an injury. *Ryan v. Brady*, 34 Md. App. 41, 49-50, 366 A.2d 745, 750 (Md. Ct. Spec. App. 1976).  The right of

rescission must be exercised promptly or within a reasonable amount of time after the discovery of facts warranting the exercise of rescission or the right may be waived.  *Id*. at 50, 750.

The Deans have failed to allege that they signed the Addendum without knowledge of the mold on the property.  The Deans had a home inspection that revealed mold in the garage.  After the home inspection, the Deans signed the Addendum acknowledging awareness of the mold on the property and agreeing to purchase the property "As Is."  Furthermore, more than two years passed between the discovery of mold and the commencement of this suit.  The Deans have failed to act promptly and have waived any right to rescission.

2.  Intentional Misrepresentation

The Deans argue that the Defendants failed to disclose and concealed mold on the property, other than in the garage, with the intent to deceive the Deans.  To prevail on a claim of intentional misrepresentation or fraudulent concealment, the plaintiffs must prove: (1) a duty to disclose a material fact; (2) the failure to disclose that fact; (3) the intent to defraud or deceive the plaintiff; (4) action in justifiable reliance on the concealment; and (5) damages suffered as a result of the concealment. *Simms v. Mutual Benefit Ins. Co.*, 137 Fed. Appx.

6

594, 600 (4th Cir. 2005)(citing *Green v. H&R Block, Inc.*, 355 Md. 488, 525, 735 A.2d 1039, 1059 (Md. 1999)).  These elements must be pled with particularity.  *See* Fed. R. Civ. P. 9(b); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n5 (4th Cir. 1999)(lack of compliance with the pleading requirements of Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6)); *Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 822 (D. Md. 2005).  Although the particularity requirement is relaxed for claims of omission in fraudulent concealment cases, the Rule 9(b) requirements are not nullified when there are partial or fragmentary statements of fact that can be stated with particularity.  *Hill*, 383 F. Supp. 2d at 822-823 (citing *Shaw v. Brown & Williamson Tobacco* Corp., 973 F. Supp. 539, 552 (D. Md. 1997)).

The Deans signed an Addendum acknowledging the presence of mold on the property.  However, the Deans have not particularized any allegations or identified each individual defendant's participation in the alleged intentional misrepresentation.  *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000).  The Deans' allegations do not meet the requirements of Rule 9(b).

3. Negligent Misrepresentation

The Deans argue that the Defendants failed to disclose and concealed mold on the property, other than in the garage, which

was a negligent failure to disclose a material fact.  The Deans argue that the Defendants knew or should have known that the Deans would not have purchased the property had the Deans known that the entire property was contaminated with mold.  The Deans argue that they thought mold was only in the garage.  The elements of a claim of negligent misrepresentation are: (1) owing a duty of care; (2) a negligently asserted false statement; (3) intent that the statement will be acted upon; (4) knowledge that the plaintiff will probably rely on the statement which, if erroneous, will cause loss or injury; (5) the plaintiffs justifiable action in reliance on the statement; and (6) damage proximately caused by the defendant's negligence.  *Sun-Lite Glazing Contractors, Inc. v. A. Berkowitz & Co., Inc.*, 37 Fed. Appx. 677, 679 (4th Cir. 2002).  Maryland law requires that duty independent of any contractual obligation.  *Id*. at 680.

There is no duty in Maryland for real estate agents to investigate and report defects that exist in the property, "unless the agent undertakes to investigate property for a specific purpose." *Jacobson v. Sweeney*, 82 F. Supp. 2d 458, 463 (D. Md. 2000).  The Deans have not alleged that Rogers owed them a special duty to investigate the property.  The Deans also lack grounds for claims of false statements, because the Addendum warned that "mold, mildew and/or other microscopic organisms are present within the subject property."  The Addendum also states

8

that "Buyer(s) acknowledge that the property is being sold and conveyed 'As Is.'"

A negligent misrepresentation claim also requires an affirmative representation. *Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 549 (D. Md. 1997). Absent an affirmative representation, a claim for negligent misrepresentation will not be upheld. *Id*. at 549-550. The Deans cannot assert false statements or a lack of disclosure in the face of plain contractual language to the contrary. *McDonald v. Friedman*, No. 02-2812, 2004 U.S. Dist. Lexis 27670, at *27-28 (D. Md. Feb. 4, 2004), *aff'd*, 128 Fed. Appx. 949 (4th Cir. 2005)(citing *Cooper v. Berkshire Life Ins. Co.*, 148 Md. App. 41, 60-63, 810 A.2d 1045 (2002), *cert. denied*, 373 Md. 407, 818 A.2d 1105 (2003); *Md. Environmental Trust v. Gaynor*, 370 Md. 89, 98-99, 803 A.2d 512 (2002); *Call Carl, Inc. v. B.P. Oil Corp.*, 554 F.2d 623, 630-631 (4th Cir. 1977)).

4.   Fraud in the Inducement

The Deans argue that the Defendants fraudulently induced them to enter into the contract by concealing the presence of mold throughout the house. In Maryland, the terms fraud and intentional misrepresentation are often used interchangeably, and the elements are identical. *Simms v. Mutual Benefit Ins. Co.*, 137 Fed. Appx. 594, 600 (4th Cir. 2005). For the reasons stated

9

above, the Deans' claim of fraud fails for lack of specificity and evidence that the Deans were fraudulently induced by the Defendants to purchase the property.

## CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss will be granted.

<u>December 5, 2005</u>                    <u>         /s/         </u>
Date                                         William D. Quarles, Jr.
                                             United States District Judge